# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SHAKESPEAR FEYISSA, | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES VIOLATIONS OF CIVIL RIGHTS AND STATE TORT CLAIMS** |
| vs. | |
| THE CITY OF SEATTLE, a Municipal Corporation, SEATTLE POLICE OFFICER A. JOHNSON, and OFFICER D. D'AMBROSIO, and JOHN DOE SEATTLE POLICE OFFICERS 1-3, | **JURY DEMAND** |
| Defendants. | |

Plaintiff Shaekspear Feyissa alleges as follows:

### I.   JURISDICTION AND VENUE

1.   This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution and various state and common law claims.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343 *et seq.*

COMPLAINT FOR DAMAGES - 1

Law Offices of
Lembhard G. Howell, P.S.
Pacific Building, Suite 2105
Seattle, Washington 98104
(206) 623-5296

2. There exists a common nucleus of operative facts as to Plaintiffs' state and federal claims. As a consequence, this Court has pendent jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3. Venue in the captioned District Court pursuant to 28 U.S.C. § 1391 stems from the fact that the acts or omissions giving rise to the claims occurred in the judicial district of the captioned District Court.

## II.  PARTIES

3. Plaintiff Shakespear Feyissa is a resident of King County, Washington.

4. Defendant CITY OF SEATTLE is a governmental entity with the right to sue and be sued in its own name and stead.

5. The defendant Seattle Police officers at all times were employed by the City of Seattle and acting within the scope of their employment.

## II.  CLAIM FOR DAMAGES

6. A Claim for Damages was properly filed with the defendant CITY OF SEATTLE pursuant to Washington law. More than sixty (60) days have elapsed since the filing of that claim. Attached hereto as Exhibits A is Plaintiff's claim for damages, which by this reference is incorporated in this complaint.

## III.  JURY DEMAND

7. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands trial by jury.

## IV.  BACKGROUND FACTS

8. Before the incidents that gave rise to this lawsuit occurred, the Plaintiff called the Seattle Police Department twice because he was concerned for his baby girl's safety while she was in the care of her mother, Azeb Alemayehu.

COMPLAINT FOR DAMAGES - 2

Law Offices of
Lembhard G. Howell, P.S.
Pacific Building, Suite 2105
Seattle, Washington 98104
(206) 623-5296

9.   On January 14, 2010, Azeb Alemayehu came to the Plaintiff's home at 5417 57th Avenue South, Seattle, WA, 98118, with their 3-month-year-old daughter. The Plaintiff asked Alemayehu to allow him to feed and bathe the baby. Alemayehu handed the Plaintiff his baby and spoke to the Plaintiff's mother at the front door of the home.

10.   The Plaintiff took the infant upstairs and changed her dirty diaper. He then took the baby back downstairs and fed her baby formula on the couch near the front door of his home. The Plaintiff did not know where Alemayehu was.

11.   Moments later, at approximately 9:00 p.m., ten Seattle Police Officers entered the Plaintiff's house without a search warrant or arrest warrant.

12.   Six Officers surrounded the Plaintiff where he was sitting feeding the baby. The remaining officers, without a search warrant or permission to do so, searched the Plaintiff's home.  The Plaintiff asked for a warrant, but none was produced because no warrant existed.

13.   The Plaintiff knew one of the Officers and asked him why the police stormed his home without a warrant. The officer said it was standard procedure ever since six officers were recently gunned down.

14.   One Officer asked the Plaintiff if he hit Alemayehu to which the Plaintiff answered "no."

15.   Alemayehu never told the police that the Plaintiff hit her.

16.   Alemayehu said she called the police to gain possession of their infant for herself. She actually requested that the Plaintiff not be arrested.

17.   A police officer told the Plaintiff to stand up, to hand his baby to his mother, to turn around, and to put his hands behind his back.

18.   An officer twisted the Plaintiff's wrists and fastened handcuffs tightly around them.

19.   The Plaintiff complied with every police order and maintained a calm and professional demeanor during his entire contact with the police officers.

20.   The Plaintiff asked for the police officers to relieve the pain from the tightly fastened handcuffs, but his request was ignored.

COMPLAINT FOR DAMAGES - 3

Law Offices of
Lembhard G. Howell, P.S.
Pacific Building, Suite 2105
Seattle, Washington 98104
(206) 623-5296

21. Some officers made fun of the fact that the Plaintiff was a lawyer that he was being arrested. They laughed and ridiculed the Plaintiff.

22. The Officers walked the Plaintiff half-way through his yard and half-way up his block to sit in one of the many police cars parked on the residential street.

23. The Plaintiff sat handcuffed in the back of the police car for several minutes as his neighbors looked on.

24. This arrest injured the Plaintiff's standing and reputation in his neighborhood, his professional life, and his social life.

25. The Plaintiff felt severe pain from his hand and shoulder, which had previously been injured.

26. While in the holding cell, the Plaintiff pleaded with the Officers to loosen the handcuffs and to get him medical attention.

27. The Plaintiff was told to "shut up."

28. Several minutes passed before an officer arrived with larger handcuffs. The officer threatened not to exchange the handcuffs if the Plaintiff reported the officer to his superiors.

29. The new handcuffs did not relieve the severe pain in the Plaintiff's hands, wrists and shoulders.

30. The Plaintiff remained in the holding cell for approximately 3 to 4 hours. He was continuously harassed by the defendant officers.

31. The Plaintiff was transported to the King County Jail where a nurse inspected his shoulders and hands.

32. The Plaintiff was released on his own recognizance at 4:30 p.m. the next day, January 15, 2010.

33. The Plaintiff was charged with domestic violence and assault.

34. After the Plaintiff employed a lawyer, the charges were dismissed.

COMPLAINT FOR DAMAGES - 4

Law Offices of
Lembhard G. Howell, P.S.
Pacific Building, Suite 2105
Seattle, Washington 98104
(206) 623-5296

## V.  CLAIMS AND CAUSES OF ACTION

### RESPONDEAT SUPERIOR

35.  Plaintiff realleges the previous paragraphs.

36.  Since the Officers were agents of the defendant City of Seattle, the City is vicariously liable for the tortious acts of its officers.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE)

37.  Plaintiff realleges the previous paragraphs.

38.  The actions of defendants constituted intentional infliction of emotional distress.

39.  As a result of defendants' tortious conduct, Plaintiff suffered injury and emotional distress.

### ASSAULT AND BATTERY

40.  Plaintiff realleges the previous paragraphs.

41.  The actions of the defendants constituted assault and battery.

42.  As a result of the defendants' tortious conduct, the Plaintiff suffered injuries.

### FALSE ARREST

43.  Plaintiff realleges the previous paragraphs.

44.   The actions of defendants' constituted false arrest.  Plaintiff was arrested without probable cause.

### MALICIOUS PROSECUTION

45.  Plaintiff realleges the previous paragraphs.

46.  The actions of defendants constituted malicious prosecution.

47.  As a result of the defendants' tortious conduct, the Plaintiff suffered injuries.

### VIOLATION OF 42 U.S.C. § 1983

48.  Plaintiff realleges the previous paragraphs.

COMPLAINT FOR DAMAGES - 5

Law Offices of
Lembhard G. Howell, P.S.
Pacific Building, Suite 2105
Seattle, Washington 98104
(206) 623-5296

49. Defendant Officers conduct violated Plaintiff's civil rights contrary to 42 U.S.C. § 1983. Excessive force was used, Plaintiff was illegally seized, and maliciously prosecuted..

50. As a result of defendant officers' violation of 42 U.S.C. § 1983 Plaintiff suffered injury, emotional distress, severe pain, humiliation, embarrassment, and diminished respect in the eyes of his peers.

51. The defendant officers and not the City of Seattle are liable under 42 U.S.C. § 1983.

## IV.  REQUEST FOR RELIEF

Plaintiff requests that the court enter judgment against all the defendants as follows:

a. Awarding Plaintiff special damages in such amount as shown at trial,

b. Awarding Plaintiff general damages in such amount as shown at trial.

c. Awarding Plaintiff costs and attorneys' fees against defendant police officers

d. Awarding Plaintiff punitive damages against defendant police officers.

e. Such additional relief which the court finds equitable and just.

Dated this 21 day of July, 2010.

                Law Offices of Lembhard G. Howell, P.S.

                /s/ Lembhard G. Howell
                Lembhard G. Howell, WSBA #133
                Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 6

Law Offices of
Lembhard G. Howell, P.S.
Pacific Building, Suite 2105
Seattle, Washington 98104
(206) 623-5296

**CERTIFICATE OF SERVICE**

I certify that on 7/22/10, I caused to be served a copy of the SUMMONS and the forgoing document to all defendants', by dispatching a copy of the same by ABC legal messenger and electronic filing of these documents with the Clerk of the Court using the CM/ECF system.

DATED this 22nd day of July, 2010.

                        LAW OFFICES OF LEMBHARD G. HOWELL

                        /s/ Yohannes K. Sium
                        Yohannes K. Sium WSBA # 42420

COMPLAINT FOR DAMAGES - 7

Law Offices of
Lembhard G. Howell, P.S.
Pacific Building, Suite 2105
Seattle, Washington 98104
(206) 623-5296